# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AJMAL STEEL TUBES & PIPES IND. LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 21-00587 |
| UNITED STATES, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Ajmal Steel Tubes & Pipes Ind. LLC ("Ajmal"), by and through its attorneys, states the following claims against Defendant, the United States.

## JURISDICTIONAL STATEMENT

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under subparagraph (a)(2)(B)(iii) of Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii). This action contests the final determination issued by the U.S. Department of Commerce ("Commerce") in the administrative review of the antidumping duty ("AD") order on circular welded carbon steel pipes and tubes from the United Arab Emirates (case A-520-807) for the period of review December 1, 2018 through November 30, 2019. See Circular Welded Carbon-Quality Steel Pipe from the United Arab Emirates: Final Results of Antidumping Duty Administrative Review; 2018-2019, 86 Fed. Reg. 59364 (October 27, 2021) ("Final Results").

2. Commerce's analysis of issues raised in the Final Results is contained in the "Issues and Decision Memorandum for the Final Results of the 2018-2019 Administrative Review of the

Antidumping Duty Order on Circular Welded Carbon-Quality Steel Pipe from the United Arab Emirates," dated October 27, 2021 ("Issues and Decisions Memorandum").

## STANDING OF PLAINTIFF

3.  Plaintiff Ajmal is a foreign producer, exporter, and importer of subject merchandise and, therefore, is an interested party as defined in section 771(9)(A) and 516A(f)(3) of the Tariff Act of 1930 (as amended), 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Ajmal was a mandatory respondent and fully participated in the proceeding being challenged.

4.  Accordingly, Ajmal has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5.  Commerce published a notice of the contested determination on October 27, 2021. See Final Results, 86 Fed. Reg. 59364.

6.  This action is commenced with the filing of the Summons on November 17, 2021, within 30 days after publication of the Final Results. Accordingly, this action is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I).

## STATEMENT OF FACTS

7.  The AD Order on circular welded carbon-quality steel pipe from the United Arab Emirates was originally imposed in 2016. See <u>Circular Welded Carbon-Quality Steel Pipe From the Sultanate of Oman, Pakistan, and the United Arab Emirates: Amended Final Affirmative Antidumping Duty Determinations and Antidumping Duty Orders</u>, 81 Fed. Reg. 91906 (December 19, 2016). Ajmal fully participated in the investigation and each subsequent review.

8. On March 10, 2020 the Department of Commerce initiated the review of the 2018-2019 period of review. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 85 Fed. Reg. 13860 (March 10, 2020).

9. On March 30, 2020 the mayor of Washington, DC issued a Stay Home order, making it a misdemeanor for residents of Washington, DC to leave their homes for purposes other than enumerated essential functions. Barnes, Richardson & Colburn, LLP ("BRC") personnel based in Washington, DC were representing Plaintiff in this matter.

10. In accordance with the mayor of Washington, DC's order all BRC employees based in the Washington, DC office were working from home from at least March 30, 2020.

11. Plaintiff's Section A response in the 2018-2019 response was due by 5:00 p.m. Eastern on April 14, 2020.

12. The April 14, 2020 Section A response was the first large antidumping submission BRC filed since imposition of the Stay Home order.

13. The personnel working to complete Plaintiff's Section A response encountered unexpected technical difficulties arising from the changes in equipment, software malfunctions, and changes in process necessitated by working at home. These difficulties led to the complete Section A response being filed at 6:50 p.m. Eastern time on April 14, 2020.

14. Personnel working to complete the Plaintiff's Section A response sought to file a written extension request with the Department of Commerce prior to the 5:00 deadline in the format required by the Department's rules. Unfortunately, the same systemic issues that delayed the Section A filing caused the extension request filing to be delayed until 6:10 p.m. Eastern time on April 14, 2020. ACCESS BAR CODE 3964868-01.

15. Commerce rejected the April 14, 2020 extension request on April 16, 2020. ACCESS BAR CODE 3965913-01.

16. On April 19, 2020 Plaintiff filed a request to reconsider the April 16, 2021 rejection. ACCESS BAR CODE 3966417-01.

17. On April 24, 2020 the Department of Commerce unilaterally tolled all deadlines in all antidumping and countervailing duty administrative reviews currently before the Department by 50 days "in response to operational adjustments due to COVID-19." See Tolling Deadlines for Antidumping and Countervailing Duty Administrative Reviews in Response to Operational Adjustments Due to COVID-19, ACCESS BAR CODE 3968479-01.

18. On May 7, 2020 Commerce rejected Plaintiff's April 19 request to reconsider its decision to reject the extension request and Section A filing. ACCESS BAR CODE 3971844-01.

19. On May 19, 2020 Plaintiff filed a second request to reconsider the April 16, 2020 rejection, noting among other facts and arguments, that Commerce could not be hindered by the delay in filing in light of the 50 day tolling of deadlines. ACCESS BAR CODE 3975435-01.

20. On July 6, 2020 Commerce rejected Plaintiff's May 19, 2020 request to reconsider its decision to reject the extension request and Section A filing. ACCESS BAR CODE 3996877-01.

21. On July 6, 2020 Plaintiff filed timely complete responses to Sections B through D in this segment.

22. On July 21, 2020 Commerce again unilaterally tolled all deadlines in antidumping and countervailing duty reviews by 60 days because the "operational considerations due to COVID-19" that supported the April 24, 2020 tolling continued to exist. See Tolling Deadlines for Antidumping and Countervailing Duty Administrative Reviews, ACCESS BAR CODE 4004198-01.

23. On November 27, 2020 Commerce concluded that it "was not practicable" to complete the 2018-2019 administrative review in the statutory timeframe, granting itself a 120 day extension. The 120 day extension was in addition to the 110 days Commerce had already tolled all deadlines. Thus, the 2018-2019 review was extended a total of 230 days. ACCESS BAR CODE 4059042-01.

24. On April 23, 2021—more than one year after the Schedule A was filed less than two hours late—Commerce issued its preliminary results, applying adverse facts available to Plaintiff's antidumping duty calculation, resulting in a preliminary rate of 54.27%. See <u>Circular Welded Carbon-Quality Steel Pipe from the United Arab Emirates: Preliminary Results of Antidumping Duty Administrative Review; 2018-2019</u>, 86 Fed. Reg. 21688 (April 23, 2021).

25. The adverse facts available rate of 54.27% is roughly a factor of 9 higher than the highest calculated margin of 6.43% Plaintiff has received in the history of this case. See <u>Circular Welded Carbon-Quantity Steel Pipe from the United Arab Emirates: Final Determination of Sales at Less Than Fair Value</u>, 81 Fed. Reg. 75030 (October 28, 2016).

26. Plaintiff filed a substantive brief on August 9, 2021 challenging the decisions to reject the extension request of April 14, 2020 as well as the rejection of the Section A filing from April 14, 2020. Among other arguments the brief noted the tremendous disparity between 110 days of tolled deadlines, with an additional 120 days of extended deadlines and the Section A questionnaire having been delayed by less than two hours. ACCESS BAR CODE 4153703-01.

27. Plaintiff challenged Commerce's preliminary results in the hearing for this segment. ACCESS BAR CODE 4167333-01.

28. Plaintiff fully participated in the administrative process in this segment.

29. On October 27, 2021 Commerce issued its final results, confirming the application of adverse facts available to Plaintiff's antidumping duty calculation, resulting in a preliminary rate of 54.27%. See <u>Circular Welded Carbon-Quality Steel Pipe from the United Arab Emirates: Final Results of Antidumping Duty Administrative Review; 2018-2019</u>, 86 Fed. Reg. 59364 (October 27, 2021).

## STATEMENT OF CLAIMS

30. Paragraphs 1 through 29 are hereby incorporated by reference.

31. Commerce denied Plaintiff's request for extension, as well as the additional requests to reconsider the denial and rejected Plaintiff's filed Section A response. As a consequence of those decisions, Commerce applied adverse facts available to Plaintiff's antidumping duty calculation.

32. Commerce's decisions are unsupported by the record, an abuse of discretion, arbitrary, capricious, and otherwise not in accordance with law.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court enter judgment as follows:

(A)   Enter judgment in favor of Plaintiff;

(B)   Hold as unlawful Commerce's final results in the contested administrative review that are the subject of this Complaint;

(C)   Remand this proceeding to Commerce with instructions to publish revised final results in conformity with this Court's decision; and

(D)   Grant Plaintiff such additional relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                      **BARNES, RICHARDSON & COLBURN, LLP**

                                      By:   s/    David G. Forgue

                                      David G. Forgue

                                      Counsel for Plaintiff Ajmal

Dated:  November 22, 2021